Present: Carrico, C.J., Lacy, Keenan, Koontz, Kinser, and
Lemons, JJ., and Whiting, S.J.

COMMONWEALTH OF VIRGINIA
DEPARTMENT OF MOTOR VEHICLES
                                        OPINION BY
v.  Record No. 000868          SENIOR JUSTICE HENRY H. WHITING
                                     March 2, 2001
WARNER ATHEY

        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                  Philip L. Russo, Judge Designate


    In this appeal, we consider whether the operator of a daily

cruising service is required to obtain a certificate of public

convenience and necessity as a "sight-seeing carrier by boat"

pursuant to Code § 46.2-2607.

    Warner Athey owns a boat that he operates in the Chesapeake

Bay and Atlantic Ocean to transport paying passengers on daily

cruises that Athey advertises as "Adventure Cruises."  These

cruises begin and end in Lynnhaven Inlet in the City of Virginia

Beach.  Athey advertises his cruises as "Adventure Cruises" and

does not mention sight-seeing as a part of his service.  During

"Adventure Cruises," passengers may sunbathe, fish, and

participate in wildlife and oceanic educational activities.  In

addition, Athey and his employees note for passenger viewing

such things as seabirds, dolphins, fish, different types of

boats, navigational markers, and channels, but do not identify

either historical sites or places of interest.  In order for

passengers to view schools of fish and different types of boats,

Athey's boat follows routes that vary with the location of the items to be observed.

Athey received a notice from the Commonwealth of Virginia Department of Motor Vehicles (DMV) advising Athey that he "should cease and desist" his cruising operation until DMV determined whether such operation was subject to the provisions of Code §§ 46.2-2600 through -2610, which regulate "sight-seeing carrier[s] by boat" and provide misdemeanor penalties for violations. Athey filed a motion for declaratory judgment against DMV, seeking a determination that his operation was not subject to the statutory provisions at issue.

After hearing evidence and argument, the court stated in a bench ruling that Athey's operation was not that of a "sight-seeing carrier by boat" because Athey's practice of observing moving fish and boats did not permit his boat to travel the "regular routes" that must be specified in the certificate mandated by Code § 46.2-2601.[*] In its final order, the court held that Athey was not subject to regulation as a "sight-seeing carrier by boat" because neither he nor any employee:

---

[*] Code § 46.2-2601 provides:

Contents of certificate. — A certificate issued under this chapter shall authorize the holder named in the certificate to transport sightseers and special or charter parties from the point of origin named in the certificate over regular routes to the point or points of interest named in the certificate and

2

point[s] out or describe[s] any historical sites or points of interest which may be visible on the shore but rather describes and facilitates the observation by his passengers of seabirds, dolphins and other wildlife as well as navigational aids and watercraft in and on the water, that [Athey] therefore is not engaged in business as a sight-seeing carrier by boat as defined in said Chapter 26.

On its appeal, DMV argues that, although not defined by statute, the terms "sightseers" and "sight-seeing" as used in these statutes have plain and unambiguous meanings. DMV provides a dictionary definition of a "sightseer" as "one that visits places of interest: one that goes about in search of novelty or picturesque sights or scenery." Webster's Third New International Dictionary 2115 (1993). Likewise, DMV notes a definition of "sight-seeing" as referring to buses and other means of transport that are "engaged in, devoted to, or used for seeing sights . . . ." Id.

DMV contends that nothing in the pertinent statutes or in the plain meaning of the terms "sightseers" and "sight-seeing" limits the sights to be seen to permanent historical sites or fixed objects on the shore, as the court held in its final order. DMV further urges that Athey's advertisement of his cruises as "Adventure Cruises" cannot exclude his activity and his passengers' conduct from those of a "sight-seeing carrier by

back to the point of origin. Only one point of origin shall be named in a certificate.

boat" and "sightseers" as those terms are used in the statutes at issue.

In response, Athey contends that since violations of these statutes are misdemeanors, the statutes are criminal in nature and must be strictly construed. He argues that when these statutes are so construed, they cannot be applied to his operation because while on the "Adventure Cruise": (1) neither he nor any employee notes or describes historical sites or places of interest that may be visible from his boat; and (2) his boat cannot follow "regular routes," as that term is used in Code § 46.2-2601, and thus could not qualify as a "sight-seeing carrier by boat" under Code §§ 46.2-2600 though -2610.

We agree with Athey that penal statutes must be "strictly construed against the State" and that such statutes "cannot be extended by implication or construction, or be made to embrace cases which are not within their letter and spirit." Berry v. City of Chesapeake, 209 Va. 525, 526, 165 S.E.2d 291, 292 (1969). However, the construction for which Athey argues would unduly restrict the plain and unambiguous terms of the statutes at issue and improperly place his cruising operation outside their intended scope.

Nothing in Code §§ 46.2-2600 through -2610 limits "sightseers" and "sight-seeing" to observing fixed objects on the shore. Instead, the plain meanings of these terms clearly

4

encompass Athey's boat trips, a purpose of which is to observe any object or objects of interest, whether fixed or moving, on land or in or on water, i.e., moving fish and boats, navigational markers, and channels.  Hence, we agree with DMV's contention that the court erred in concluding that Athey was not engaged in the business of a "sight-seeing carrier by boat."

We also reject Athey's argument that his inability to follow the "regular routes" prescribed in Code § 46.2-2601 supports the trial court's conclusion that his cruising operation cannot be that of a "sight-seeing carrier by boat." Code § 46.2-2601 does not define the business of "sight-seeing carrier by boat" but merely specifies what must be contained in the certificate DMV issues to a business that qualifies as a "sight-seeing carrier by boat."  As we have held supra, Athey's operation does qualify as a "sight-seeing carrier by boat," and he is required to obtain a certificate to conduct the operation. What ultimately may be included in the certificate concerning "regular routes" is a matter for DMV's future determination and not an issue here.

For these reasons, we will reverse the trial court's judgment and enter final judgment declaring that Athey's business is that of a "sight-seeing carrier by boat" subject to the provisions of Code §§ 46.2-2600 through -2610.

Reversed and final judgment.

5