COURT OF APPEALS OF VIRGINIA

**PUBLISHED**

Present:   Judges Kelsey, Petty and Senior Judge Haley
Argued at Salem, Virginia


JEREMY DESHAWN FITZGERALD

                                                            OPINION BY
v.        Record No. 0131-12-3                  JUDGE WILLIAM G. PETTY
                                                        DECEMBER 11, 2012

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
Joseph W. Milam, Jr., Judge

Mark T. Williams (Williams, Morrison, Light & Moreau, on brief),
for appellant.

Alice T. Armstrong, Assistant Attorney General II (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Jeremy Deshawn Fitzgerald was convicted of driving a motor vehicle while intoxicated,

first offense, in violation of Code § 18.2-266.  On appeal, Fitzgerald assigns several errors to the

trial court's admission of two certificates into evidence at trial:  the certificate of blood alcohol

analysis and a certificate of instrument accuracy.  Fitzgerald's first three assignments of error

challenge the trial court's admission of the certificate of instrument accuracy on various grounds.

His fourth assignment of error challenges the trial court's admission of the certificate of blood

alcohol analysis on the sole ground that if the certificate of instrument accuracy was improperly

admitted, then so was the certificate of blood alcohol analysis.  For the reasons expressed below,

we conclude that the certificate of blood alcohol analysis was admissible regardless of any

alleged error in admitting the certificate of instrument accuracy and that, correspondingly, any

error in admitting the certificate of instrument accuracy was harmless.  Accordingly, we affirm the judgment of the trial court.

## I. Background

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

On July 16, 2011, Lieutenant J.W. Smith saw Fitzgerald pull out in front of oncoming traffic as Fitzgerald was driving a van.  Fitzgerald barely missed hitting another vehicle, and Lieutenant Smith pulled him over.  When Lieutenant Smith walked up to the van, he smelled an odor of alcohol and saw that Fitzgerald's eyes were bloodshot.  Fitzgerald admitted that he had recently had a couple of shots of alcohol at a local bar.  After administering three field sobriety tests, Lieutenant Smith arrested Fitzgerald at 12:15 a.m. for driving under the influence.  Lieutenant Smith took Fitzgerald to the Danville City Jail, where Sergeant Casey Allen conducted a breath test to determine Fitzgerald's blood alcohol content.

At trial, the trial court admitted into evidence, over Fitzgerald's objections, both a certificate of instrument accuracy for the breath test equipment[1] and a certificate of blood alcohol analysis showing the results of the breath test.  The certificate of blood alcohol analysis indicated that Fitzgerald's blood alcohol content was 0.16 at 1:14 a.m. on July 16, 2011.  The certificate also contained the following attestation, signed by Sergeant Allen:

---

[1] In addition to containing the certification date of the equipment, the certificate of instrument accuracy also contained the following certification:  "The above listed instrument was found to meet all requirements for accuracy and performance established by the Department of Forensic Science.  This certification is valid from the above listed certification date until the above listed date for recertification."

I certify that the above is an accurate record of the test conducted; that the test was conducted with the type of equipment and in accordance with the methods approved by the Department of Forensic Science; that the test was conducted in accordance with the Department's specifications; that prior to administration of the test the accused was advised of his right to observe the process and see the blood alcohol reading on the equipment used to perform the breath test, and that I possess a valid license to conduct such test, given under my hand this 16th day of July, 2011.

The trial court convicted Fitzgerald of driving a motor vehicle while intoxicated, first offense. This appeal followed.

## II. ANALYSIS

This appeal presents us with a question of statutory construction. Fitzgerald argues that Code § 18.2-268.9 requires the Commonwealth to introduce evidence affirmatively showing that the equipment used to conduct a defendant's breath test was maintained by the Department of Forensic Science (the "Department") and that the Commonwealth's failure to properly introduce such evidence renders the breath test results inadmissible. We disagree.

"'The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'" Bynum v. Commonwealth, 57 Va. App. 487, 490, 704 S.E.2d 131, 133 (2011) (quoting Gonzales v. Commonwealth, 45 Va. App. 375, 380, 611 S.E.2d 616, 618 (2005) (en banc)). Of course, "[a]n error of law by the trial court is *ipso facto* an abuse of its discretion." Id.

"'Statutory construction is a question of law which we review *de novo* on appeal.'" Lynchburg Div. of Soc. Servs. v. Cook, 276 Va. 465, 480, 666 S.E.2d 361, 368 (2008) (quoting Parker v. Warren, 273 Va. 20, 23, 639 S.E.2d 179, 181 (2007)). In accordance with well-established principles, we will "'apply the plain language of a statute unless the terms are ambiguous.'" Id. (quoting Boynton v. Kilgore, 271 Va. 220, 227, 623 S.E.2d 922, 926 (2006)).

- 3 -

"'[T]he primary objective of statutory construction is to ascertain and give effect to legislative intent.'" Commonwealth v. Amerson, 281 Va. 414, 418, 706 S.E.2d 879, 882 (2011) (alteration in original) (quoting Conger v. Barrett, 280 Va. 627, 630, 702 S.E.2d 117, 118 (2010)); see also B.P. v. Commonwealth, 38 Va. App. 735, 739, 568 S.E.2d 412, 413 (2002) ("We will not place a construction upon a statute which leads to an absurd result or one plainly contrary to the expressed intent of the General Assembly . . . ."). Indeed,

> "[i]n the construction of statutes, the courts have but one object, to which all rules of construction are subservient, and that is to ascertain the will of the legislature, the true intent and meaning of the statute, which are to be gathered by giving to all the words used their plain meaning, and construing all statutes *in pari materia* in such manner as to reconcile, if possible, any discordant feature which may exist, and make the body of the laws harmonious and just in their operation."

Thomas v. Commonwealth, 59 Va. App. 496, 500, 720 S.E.2d 157, 159-60 (2012) (alteration in original) (quoting Lucy v. Cnty. of Albemarle, 258 Va. 118, 129-30, 516 S.E.2d 480, 485 (1999)). Furthermore, "'[w]e . . . presume that the legislature chose, with care, the words it used when it enacted the relevant statute.'" Seabolt v. Cnty. of Albemarle, 283 Va. 717, 720, 724 S.E.2d 715, 717 (2012) (alteration in original) (quoting Addison v. Jurgelsky, 281 Va. 205, 208, 704 S.E.2d 402, 404 (2011)).

Regarding the admissibility of a certificate of blood alcohol analysis following a breath test, Code § 18.2-268.9(B) provides, in pertinent part:

> Any individual conducting a breath test under the provisions of § 18.2-268.2 shall issue a certificate which will indicate that the test was conducted in accordance with the Department's specifications, the name of the accused, that prior to administration of the test the accused was advised of his right to observe the process and see the blood alcohol reading on the equipment used to perform the breath test, the date and time the sample was taken from the accused, the sample's alcohol content, and the name of the person who examined the sample. This certificate, when

- 4 -

attested by the individual conducting the breath test on equipment maintained by the Department, shall be admissible in any court as evidence of the facts therein stated and of the results of such analysis (i) in any criminal proceeding, provided that the requirements of subsection A of § 19.2-187.1 have been satisfied and the accused has not objected to the admission of the certificate pursuant to subsection B of § 19.2-187.1, or (ii) in any civil proceeding. Any such certificate of analysis purporting to be signed by a person authorized by the Department shall be admissible in evidence without proof of seal or signature of the person whose name is signed to it.

The purpose of this language is to specify the foundation the Commonwealth must lay to introduce into evidence what would otherwise be considered hearsay—a certificate of blood alcohol analysis following a breath test.[2] The statute expressly lists all the facts the certificate must indicate to render the certificate admissible. The statute plainly states that a certificate "shall be admissible" when properly attested by the person who conducted the breath test. Id. This indicates that the intent of the General Assembly in employing this language was to require the Commonwealth to introduce evidence showing—by way of a formal attestation—that certain requirements regarding the conducting of the breath test were met. Concomitantly, it also indicates that these are the *only* facts the Commonwealth must prove to establish the certificate's admissibility. Indeed, as the Supreme Court has previously observed, "[w]hen the certificate contains what the statute requires, the statute makes the certificate self-authenticating for purposes of admissibility." Stroupe v. Commonwealth, 215 Va. 243, 245, 207 S.E.2d 894, 896 (1974).

Prior to the 2009 amendment, the list of requirements in Code § 18.2-268.9 that the certificate had to indicate included the fact that "the equipment on which the breath test was

---

[2] Code § 18.2-268.9(A) sets forth the foundation the Commonwealth must establish for the results of a breath test to be "considered valid as evidence," or in other words, the foundation for the admissibility of the actual test results. Fitzgerald does not argue that these foundational requirements were not met.

- 5 -

conducted has been tested within the past six months and has been found to be accurate." However, in 2009, the General Assembly removed this requirement from the list of facts the certificate had to indicate to be admissible. The General Assembly simultaneously added the current phrase, "on equipment maintained by the Department," to the following sentence in the statute dictating the admissibility of a certificate that is properly attested. Fitzgerald argues that the amended language still requires the Commonwealth to introduce affirmative evidence showing that the breath test was conducted on equipment maintained by the Department. However, we hold that the amendment to the statute, considered as a whole, indicates the opposite intent by the General Assembly.

"'[W]hen a statute has been amended, there is a presumption that the General Assembly intended to effect a substantive change in the law.'" Thomas, 59 Va. App. at 503, 720 S.E.2d at 161 (quoting Britt Constr., Inc. v. Magazzine Clean, LLC, 271 Va. 58, 63, 623 S.E.2d 886, 888 (2006)); see also Scott v. Commonwealth, 58 Va. App. 35, 49, 707 S.E.2d 17, 24 (2011) (noting that "when the legislature amends a particular statute, we normally presume that 'a change in law was intended'" (quoting Wisniewski v. Johnson, 223 Va. 141, 144, 286 S.E.2d 223, 225 (1982))). "Accordingly, we must 'assume that a statutory amendment is purposeful, rather than unnecessary.'" Thomas, 59 Va. App. at 503, 720 S.E.2d at 161 (quoting Britt Constr., Inc., 271 Va. at 63, 623 S.E.2d at 888).

The elimination of the express requirement that the certificate indicate that the breath test equipment has been tested and found accurate within the past six months demonstrates the General Assembly's intent no longer to require the Commonwealth to introduce evidence regarding the maintenance of breath test equipment in order to admit a certificate of analysis into

- 6 -

evidence. The addition of the phrase "on equipment maintained by the Department" in another sentence in the statute does not negate this intent.

The provisions of Code § 18.2-268.11 are relevant at this point. That section provides:

> The steps set forth in §§ 18.2-268.2 through 18.2-268.9 relating to taking, handling, identifying, and disposing of blood or breath samples are procedural and not substantive. Substantial compliance shall be sufficient. Failure to comply with any steps or portions thereof shall not of itself be grounds for finding the defendant not guilty, but shall go to the weight of the evidence and shall be considered with all the evidence in the case; however, the defendant shall have the right to introduce evidence on his own behalf to show noncompliance with the aforesaid procedures or any part thereof, and that as a result his rights were prejudiced.

Code § 18.2-268.11.

The language in Code § 18.2-268.9 regarding "equipment maintained by the Department" does not constitute a requirement that the Commonwealth must affirmatively prove to render a certificate admissible as evidence. Rather, it is a procedural circumstance for which a defendant may introduce evidence to show noncompliance that has resulted in prejudice to his rights. In other words, under the statutory scheme, a certificate is admissible into evidence without an affirmative showing by the Commonwealth that the breath test equipment was properly maintained by the Department. However, a defendant is free to introduce evidence showing that the breath test equipment was *not* properly maintained by the Department and that this noncompliance with proper procedure resulted in prejudice to his rights. The failure of the Commonwealth to comply with proper maintenance requirements for breath test equipment does not render certificates of blood alcohol analysis inadmissible. Instead, such failure "go[es] to the weight of the evidence and shall be considered with all the evidence in the case." Code § 18.2-268.11; see Cutright v. Commonwealth, 43 Va. App. 593, 600-01, 601 S.E.2d 1, 4 (2004) (noting that "[b]y statute, . . . the legislative remedy for a *procedural violation* is not suppression

of the evidence, but a full and fair opportunity for both sides to attempt to prove or disprove any prejudicial effect of the violation").[3]

We are guided in our analysis by the Supreme Court's decision in Stroupe, 215 Va. 243, 207 S.E.2d 894. In Stroupe, the defendant argued that the Commonwealth had not introduced affirmative evidence proving compliance with all the various statutory requirements for breath tests and certificates of analysis. Id. at 244-45, 207 S.E.2d at 895-96. Noting that the certificate in that case "contained every averment, datum, signature, and attestation specifically required by the statute," id. at 244-45, 207 S.E.2d at 896, the Supreme Court held that "[w]hen the certificate contains what the statute requires, the statute makes the certificate self-authenticating for purposes of admissibility," id. at 245, 207 S.E.2d at 896. The Court proceeded to explain:

> Once the certificate is admitted, the statute makes it evidence of the alcoholic content of the blood to be considered with all other evidence in the case. But the statute does not make the certificate conclusive evidence of the statutory regularity of the test. With respect to regularity of the test, the statute affords the defendant the right to prove noncompliance with test procedures. . . . Even had [the defendant] . . . proved some prejudicial irregularity in test procedures, such proof would not have defeated admissibility of the certificate but only affected its weight as evidence of the alcoholic content of his blood.

Id.; see also Woolridge v. Commonwealth, 29 Va. App. 339, 345, 512 S.E.2d 153, 156 (1999) (noting that when a "certificate complie[s] with all the requirements contained in Code § 18.2-268.9, . . . the burden [is] on appellant to prove a substantive, rather than merely procedural, irregularity sufficient to defeat the certificate's admissibility"). This is essentially the reasoning we have set forth above in response to Fitzgerald's argument. "Simply put, the

_____

[3] In ruling on the issue before us regarding foundation for admissibility, we express no opinion on the separate issue that could arise in subsequent cases, viz., a challenge to the sufficiency of the evidence where a defendant has actually introduced evidence of noncompliance with procedural requirements resulting in prejudice to his rights.

statute does not require proof of the accuracy of an individual test as a prerequisite to admissibility of the resulting certificate." Woolridge, 29 Va. App. at 345, 512 S.E.2d at 156.

Furthermore, the Court in Stroupe noted that "[t]here was evidence on the face of the certificate that the test was performed by [a licensed] operator." 215 Va. at 244, 207 S.E.2d at 896. The Court held that this "evidence raise[d] the reasonable inference that such operator was trained with a [properly approved] machine . . . , in [properly approved] methods . . . , and that the same machine and methods were used to conduct the test administered to defendant." Id. Similarly, the certificate in this case contains an attestation "that the test was conducted with the type of equipment and in accordance with the methods approved by the Department of Forensic Science." This evidence permits the reasonable inference that the equipment was maintained by the Department. Indeed, Fitzgerald introduced no evidence indicating that the equipment had not been properly maintained by the Department.

It is true that Code § 9.1-1101 requires the Department to "[t]est the accuracy of equipment used to test the blood alcohol content of breath at least once every six months," and mandates that "[o]nly equipment found to be accurate shall be used to test the blood alcohol content of breath." Code § 9.1-1101(B)(3). However, a plain reading of Code § 18.2-268.9 indicates that the Commonwealth is not required to introduce affirmative evidence showing the Department's compliance with Code § 9.1-1101(B)(3) before a certificate of blood alcohol analysis becomes admissible. Rather, the substantial compliance provisions of Code § 18.2-268.11 explained above indicate that the defendant has the burden of producing evidence showing noncompliance with procedural requirements like that contained in Code § 9.1-1101(B)(3). This is consistent with the general principle that "[t]here is a presumption that public officials will perform their duties in accordance with the law." Bd. of Supervisors v.

Safeco Ins. Co. of Am., 226 Va. 329, 338, 310 S.E.2d 445, 450 (1983); see also Mar v. Malveaux, 60 Va. App. 759, 772, 732 S.E.2d 733, 739 (2012) ("[I]t is 'presumed that public officials will discharge their duties honestly and in accordance with law.'" (quoting Ours Properties, Inc. v. Ley, 198 Va. 848, 851, 96 S.E.2d 754, 756 (1957))). Thus, for purposes of admitting a certificate of analysis into evidence under Code § 18.2-268.9, the Department's compliance with requirements like that prescribed in Code § 9.1-1101(B)(3) is presumed, but the defendant has the right to introduce evidence showing noncompliance by the Department that prejudiced the defendant's rights.

Fitzgerald cites Brooks v. City of Newport News, 224 Va. 311, 295 S.E.2d 801 (1982), to support his argument. In Brooks, the certificate of analysis showed on its face that the breath test operator's license had expired several weeks before he conducted the defendant's breath test. Id. at 313-14, 295 S.E.2d at 802-03. The Supreme Court noted that although "the statute does not require the expiration date of the license to be recorded on the certificate of analysis," the fact that it was recorded revealed "a patent inconsistency with [the operator's] certification that he possessed a valid license." Id. at 314, 295 S.E.2d at 803. Here, however, there was no evidence demonstrating noncompliance with the requirements of the statute. Thus, Brooks does not apply to the facts of this case.

"The burden is on the Commonwealth to show that it substantially complied with the requirements of the statute." Snider v. Commonwealth, 26 Va. App. 729, 732, 496 S.E.2d 665, 666 (1998). "When the certificate contains what the statute requires, the statute makes the certificate self-authenticating for purposes of admissibility." Stroupe, 215 Va. at 245, 207 S.E.2d at 896. The record here demonstrates that the certificate of analysis contained what Code

§ 18.2-268.9 requires.  Therefore, we hold that the trial court did not commit an error of law and thereby abuse its discretion in admitting the certificate into evidence.

Furthermore, our analysis regarding the admissibility of the certificate of blood alcohol analysis is unaffected by the question of whether it was error to admit the certificate of instrument accuracy into evidence.  Assuming without deciding that the trial court erred in admitting the certificate of instrument accuracy, we hold that because proof of the facts in the certificate of instrument accuracy was not a prerequisite to the admissibility of the certificate of blood alcohol analysis, the trial court did not err in admitting the certificate of blood alcohol analysis and the breath test results it contained.  In light of this holding, we also hold that any error in admitting the certificate of instrument accuracy was harmless on the facts of this case. See Atkins v. Commonwealth, 272 Va. 144, 154, 631 S.E.2d 93, 98 (2006) (discussing standard for non-constitutional harmless error); Lilly v. Commonwealth, 258 Va. 548, 551, 523 S.E.2d 208, 209 (1999) (discussing standard for constitutional harmless error).[4]

### III.  CONCLUSION

For the foregoing reasons, we affirm Fitzgerald's conviction.

Affirmed.

---

[4] Fitzgerald alleged both constitutional and non-constitutional errors in the admission of the certificate of instrument accuracy.  We believe that any error in admitting the certificate of instrument accuracy was harmless under either standard.

- 11 -