COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Humphreys and O'Brien
Argued by videoconference

UNPUBLISHED

JOSHUA NATHAN CHRISTIE

MEMORANDUM OPINION[*] BY
v.     Record No. 1048-20-3     CHIEF JUDGE MARLA GRAFF DECKER
JULY 20, 2021

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF BEDFORD COUNTY
James W. Updike, Jr., Judge

Morgan W. Hollister, Senior Trial Attorney (Office of the Public
Defender, on briefs), for appellant.

Liam A. Curry, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Joshua Nathan Christie appeals his conviction for possession of methamphetamine in

violation of Code § 18.2-250. On appeal, he contends that the trial court erred by ruling that his

prior receipt of a deferred disposition for a charge of marijuana possession barred the court from

granting his subsequent request for a deferred disposition on the methamphetamine charge. We

hold that the plain meaning of the applicable version of the deferred disposition statute, Code

§ 18.2-251, supports the trial court's ruling. Consequently, we affirm the appellant's conviction.

I. BACKGROUND[1]

On September 9, 2019, the appellant was stopped for speeding. During the course of the

traffic stop, the officer smelled marijuana, and the appellant volunteered that he had

___

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The appellate court views the evidence in the light most favorable to the party who
prevailed below, in this case the Commonwealth. See Kim v. Commonwealth, 293 Va. 304,
311-12 (2017).

methamphetamine in his vehicle. The officer seized the substance, and subsequent laboratory analysis confirmed that it was 5.5 grams of methamphetamine.

In July 2020, the appellant was indicted for possession of a Schedule II controlled substance based on the methamphetamine recovered during the 2019 traffic stop. On August 25, 2020, he entered into a plea agreement with the Commonwealth, and pursuant to that agreement, he pleaded guilty to violating Code § 18.2-250. That same day, after conducting a plea colloquy, the court found that the appellant had entered the plea "freely and voluntarily." It accepted the plea and the prosecutor's proffer of supporting evidence.

The appellant then asked the court to defer disposition pursuant to Code § 18.2-251. He conceded that he had received a prior deferred disposition for possession of marijuana, charged as a violation of Code § 18.2-250.1, in Roanoke General District Court in 2007 and that the charged offense was a criminal one at that time. Nonetheless, the appellant pointed to the 2020 statutory amendment decriminalizing marijuana possession and making it a civil offense instead.[2] He emphasized that marijuana possession also had been removed from the provisions of the deferral statute and argued that his 2007 deferral for that offense therefore did not bar his request for deferral on the 2020 methamphetamine charge.

The trial court rejected the appellant's argument. It concluded that the statutory scheme provided "one bite at the apple" in the form of a deferred disposition for a criminal offense. Because the appellant "had his bite at the apple" for the 2007 then-criminal offense, he "[did not] get a second bite." The court reasoned that the legislature "remove[d] possession of marijuana [from] the first offender provision" of the deferral statute "merely to be consistent with the

---

[2] The appellant also relied on a June 16, 2020 letter from the Virginia Criminal Sentencing Commission notifying circuit court judges that "prior convictions for marijuana possession w[ould] no longer be scored on the guidelines because, as of July 1[, 2020], such acts [were] punishable by a civil penalty only."

change[ of] possession of marijuana" from a criminal offense to a civil one.  Finally, it reasoned that general retroactivity principles were not relevant because the applicable version of the deferral statute was the one in effect at the time of sentencing in September 2020.

The court sentenced the appellant to two years in prison with all time suspended on certain conditions.

## II.  ANALYSIS

The appellant argues that the trial court erred by interpreting Code § 18.2-251 to bar him from receiving a deferred disposition for his charge of possession of methamphetamine.  He contends that the deferred disposition of his 2007 charge for misdemeanor marijuana possession pursuant to the pre-2020 version of Code § 18.2-251 does not constitute the "previous[] . . . dismiss[al]" of "such an offense . . . as provided in this section" under the 2020 version of the statute.  This is so, he suggests, because the amendments to Code § 18.2-251 and related statutes "reflect[] the legislative intent to decriminalize the personal use of marijuana."  As a result, he argues that his 2007 charge for possession of marijuana is no longer "such a criminal offense" under the language of Code § 18.2-251.  Consequently, he concludes that this prior deferral does not bar him from receiving another deferred disposition, suggesting essentially that the first deferral is a nullity.

Code § 18.2-251 permits a court to defer proceedings against defendants charged with drug offenses under specified circumstances.  See 2001 Va. Acts ch. 827; 2007 Va. Acts ch. 133; 2020 Va. Acts ch. 1286.  "Deferred dispositions under Code § 18.2-251" are "acts of legislative grace that allow someone who has broken the law to avoid conviction" pursuant to the express terms of the statute.  Nunez v. Commonwealth, 66 Va. App. 152, 160 (2016).  Virginia's trial courts have "broad discretion under Code § 18.2-251 in deciding whether to defer a finding of

guilt and to grant first offender status to a first-time drug offender." Montalvo v. Commonwealth, 27 Va. App. 95, 98 (1998).

The instant case requires interpretation of Code § 18.2-251. Statutory interpretation is a question of law that is reviewed *de novo* by an appellate court. Wright v. Commonwealth, 278 Va. 754, 759 (2009). The Court is guided by well-established principles of statutory construction.

We "'presume[] that the legislature chose, with care, the words it use[d]' when it enact[ed the] statute." Jones v. Commonwealth, 68 Va. App. 304, 307 (2017) (first and second alterations in original) (quoting Rives v. Commonwealth, 284 Va. 1, 3 (2012)). "Once the legislature has acted, the role of the judiciary 'is the narrow one of determining what [the legislature] meant by the words it used in the statute [under review].'" Chapman v. Commonwealth, 56 Va. App. 725, 732 (2010) (first alteration in original) (quoting Dionne v. Se. Foam Converting & Packaging, Inc., 240 Va. 297, 304 (1990)). "When [statutory] language . . . is unambiguous, [the appellate court is] bound by its plain meaning." Taylor v. Commonwealth, 298 Va. 336, 341 (2020) (quoting Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104 (2007)).

"Statutes that permit the trial court to impose alternatives to incarceration," like the statute at issue here, "are highly remedial and should be liberally construed to provide trial courts [with] valuable tools for rehabilitation of criminals." Peyton v. Commonwealth, 268 Va. 503, 508 (2004). Nonetheless, a court may not construe a statute so broadly as to extend it beyond its express boundaries. See, e.g., Neal v. Fairfax Cnty. Police Dep't, 299 Va. 253, 269 (2020) (noting that even in the case of remedial legislation, a court is "not at liberty to stretch the meaning of a statute in a manner that would contravene the legislature's intent").

We first address which version of the deferred disposition statute controls the outcome of the case. At all times relevant to this appeal, Code § 18.2-251 provided in pertinent part that a

court "may" defer proceedings "[w]henever any person who [meets certain criteria] pleads guilty to . . . possession of a controlled substance under § 18.2-250," the statute under which the appellant's methamphetamine offense was charged. Compare 2020 Va. Acts chs. 1285-86, with 2001 Va. Acts ch. 827, and 2007 Va. Acts ch. 133. See generally Code § 1-214(A) (providing that when no effective date is specified in ordinary legislation enacted in a general session, that legislation takes effect on July 1). The statute further states that the court "may" defer disposition "upon such plea." See 2020 Va. Acts ch. 1285-86; 2007 Va. Acts ch. 133; 2001 Va. Acts ch. 827. Consequently, to determine which version of the deferral statute applies, the Court looks to when the defendant pleaded guilty to the offense. Here, the appellant entered his guilty plea on August 25, 2020. Therefore, the version of Code § 18.2-251 that took effect on July 1, 2020, is the applicable version of the statute.[3]

The Court must next determine whether the appellant met the criteria in that version of the deferral statute necessary to permit the trial court to grant a deferred disposition on the 2020 methamphetamine charge. The 2020 version of the statute provides more fully as follows (with the text added in 2020 appearing in italics and the text deleted appearing as stricken):

> Whenever any person who has not previously been convicted of any *criminal* offense under this article or under any statute . . . of any state relating to narcotic drugs[ or] marijuana . . . , or has not previously had a proceeding against him for violation of such an offense dismissed as provided in this section, . . . pleads guilty to . . . possession of a controlled substance under § 18.2-250 or to possession of marijuana under § 18.2-250.1, the court, upon such plea if the facts found by the court would justify a finding of guilt, without entering a judgment of guilt . . . , may defer further proceedings and place him on probation . . . .

---

[3] Unless otherwise noted, all subsequent references in this opinion to the deferral statute, Code § 18.2-251, are to the 2020 version. See 2020 Va. Acts chs. 1285-86. See generally 2021 Va. Acts. chs. 550-51 cls. 1, 7 (providing for specific additional amendments to Code § 18.2-251 and related statutes only upon "reenact[ment]" of the 2021 legislation in 2022).

2020 Va. Acts chs. 1285-86. In amending Code § 18.2-251 in 2020, the General Assembly altered the terms under which the single act of legislative grace authorized by the statute can be granted. See Nunez, 66 Va. App. at 160. Effective on the same date, July 1, 2020, the General Assembly also amended Code § 18.2-250.1. See 2020 Va. Acts chs. 1285-86; Code § 1-214(A). As a consequence of that amendment, possession of marijuana was "a civil offense" rather than a criminal one under the 2020 version of the statute. See 2020 Va. Acts chs. 1285-86.[4]

Regardless of the 2020 amendment to Code § 18.2-250.1 making possession of marijuana a civil offense, the Court must first look solely to the language of the 2020 version of Code § 18.2-251, the deferred disposition statute. Although statutes involving the same subject matter should be construed together if their meaning is in doubt, this principle cannot be applied to defeat the plain meaning of the language chosen by the legislature in drafting the individual statute at issue. See Jones v. Commonwealth, 296 Va. 412, 416 (2018); Tharpe v. Commonwealth, 18 Va. App. 37, 43 (1994); see also 2B Norman J. Singer & Shambie Singer, Sutherland Statutes and Statutory Construction § 51:1 (7th ed. 2010) [hereinafter Sutherland] ("Consonant with the basic rule [of statutory interpretation concerning] the use of extrinsic aids, courts do not [look] to other statutes if the statute being construed is clear and unambiguous.").

The applicable version of Code § 18.2-251 provides in pertinent part that to be eligible for a deferred disposition pursuant to its terms, the person must not have either (1) a prior *conviction* for a "criminal offense under this article or under any statute . . . of any state relating to narcotic drugs[ or] marijuana" or (2) a prior "*proceeding* against him for violation of such an offense [that was] *dismissed*" under the deferral statute. See Code § 18.2-251 (emphasis added). It is undisputed that the appellant had no prior conviction for a drug offense. This means that the

---

[4] The appellant further notes that effective July 1, 2021, Code § 18.2-250.1 was repealed in its entirety. See 2021 Va. Acts chs. 550-51 cls. 3, 8(iii).

Court must consider whether the disposition of the 2007 marijuana charge met the second clause of the 2020 deferral statute. Interpreting the language "such an offense" in the second clause in light of the language in the first clause provides the following: In order to render the person ineligible for a deferral based on a prior deferred disposition, the offense deferred must have been one for a "*criminal* offense under *this article* or under any statute . . . of any state relating to narcotic drugs[ or] marijuana." See Code § 18.2-251 (emphasis added). "[T]his article" as used in the deferral statute refers to Title 18.2, Chapter 7, Article 1, which lists the various drug crimes proscribed in Code §§ 18.2-247 to -264. Accordingly, the word "article" includes the 2007 offense of marijuana possession proscribed by Code § 18.2-250.1.

It is undisputed that the Roanoke General District Court applied the then-applicable version of Code § 18.2-251 to defer disposition on the appellant's 2007 charge for possession of marijuana. See generally 2001 Va. Acts ch. 827 (permitting deferral of charges for possessing marijuana in violation of Code § 18.2-250.1); 2007 Va. Acts ch. 133 (same). It is further undisputed that the appellant was not convicted of that offense but, instead, disposition was deferred. The 2007 marijuana charge under Code § 18.2-250.1 clearly was for behavior that was a criminal offense at that time. See 1998 Va. Acts ch. 116 (providing that "[a]ny person who violates [Code § 18.2-250.1] shall be guilty of a misdemeanor"). Therefore, the record supports the trial court's conclusion that when the appellant entered his guilty plea in 2020, he had already received a deferred disposition for a criminal offense as permitted by Code § 18.2-251 and was not entitled to another one.

The appellant argues that his deferred disposition for the 2007 offense of marijuana possession does not act as a bar to a deferral in the instant case because marijuana possession is no longer a criminal offense. However, looking solely at the applicable version of the deferral statute, as required by the rules of statutory construction, the language clearly references a

"previous[] . . . dismiss[al]" of a charge for a "criminal offense." See Code § 18.2-251; 2020 Va. Acts chs. 1285-86; Sutherland, supra, § 51:1. At the time of the previous dismissal of the 2007 marijuana charge against the appellant for violating Code § 18.2-250.1, the charge was in fact one for a "criminal offense." The relevant statutory language is not ambiguous. As a result, analyzing its plain meaning does not require this Court to look to any other statute. Further, even if it did, acknowledging the legislative intent to decriminalize marijuana going forward does not compel the conclusion that the legislature intended to allow a defendant who has already had the benefit of a deferral and dismissal for something that was a criminal offense at the time to be eligible for another deferral. The General Assembly could easily have amended Code § 18.2-251 in a way that included such language, but it simply did not do so. The statute authorizes, as a matter of grace, only one deferral. The appellant benefited from such a deferral prior to 2020.

Certainly it is true that "[w]hen a statute has been amended, there is a presumption that the General Assembly intended to effect a substantive change in the law." Fitzgerald v. Commonwealth, 61 Va. App. 279, 287 (2012) (quoting Thomas v. Commonwealth, 59 Va. App. 496, 503 (2012)). Here, however, the implication from the change in the law relating to deferrals does not support the conclusion advanced by the appellant. The 2020 amendments to the deferral provision in Code § 18.2-251 are explained by the fact that marijuana possession, which was a civil offense with a $25 fine under the applicable version of Code § 18.2-250.1, is not something for which, going forward, a deferred disposition is needed to avoid a criminal conviction. The 2020 amendments to the deferral provisions in Code § 18.2-251 effected a substantive change in the law going forward, but nothing in the plain language of the applicable version of that statute indicates an intent to make it retroactive with regard to marijuana possession offenses that were in fact criminal at the time they were deferred.

## III. CONCLUSION

We hold that the legislative intent in the 2020 version of Code § 18.2-251 is plainly to provide only one opportunity for the deferral of punishment for an offense that was criminal *at the time of the deferral for that offense*, regardless of the classification of that offense at the time of a second request for a deferral. Consequently, we hold that the trial court did not err by ruling that it lacked authority to defer disposition again on the appellant's instant conviction for possession of methamphetamine, and we affirm the conviction.

<u>Affirmed.</u>