## Alexandria

## VIRGINIA C. WRIGHT

v.

## ARLINGTON COUNTY DEP'T OF SOCIAL SERVICES

No. 1366-88-4

Decided February 6, 1990

COUNSEL

Janell M. Wolfe (Office of Janell M. Wolfe, on brief), for appellant.

Ara L. Tramblian, Assistant County Attorney (Charles G. Finn, County Attorney, on brief), for appellee.

OPINION

**MOON, J.**—Virginia C. Wright appeals from a jury verdict finding that she had sexually abused her two daughters. The dispositive issue is whether in a proceeding to determine temporary custody the burden of proving child abuse is required to be by clear and convincing evidence or whether proof by a preponderance of the evidence is sufficient. We hold that the court properly instructed the jury that the burden of proof was by a preponderance of the evidence because the placement was a temporary one and not final until a second hearing is held to determine the permanent disposition.

Initially, three petitions were filed: one filed by the Arlington County Board of Social Services alleging that the children were abused or neglected and seeking their custody; the second, also filed by the board, seeking termination of the mother's residual parental rights; and the third, filed by the mother seeking to have the children's custody restored to her. The juvenile and domestic relations court heard the three petitions together and found that the children were neglected or abused. The court awarded custody to the Arlington County Board of Social Services and denied the mother's petition for custody and the board's petition to terminate parental rights. Both parties appealed to the circuit court. The mother appealed the temporary custody award to the Board of Social Services and the denial of her custody petition. The Board of Social Services appealed the denial of its petition to terminate parental rights.

The circuit court granted Virginia Wright's motion for a jury trial on an issue out of chancery limited to whether she had abused or neglected her daughters. Whether the children were to be placed in foster care if they had been abused was for the judge to determine. On an instruction advising the jury that the burden of proof was by a preponderance of the evidence, the jury found that Virginia Wright had sexually abused her daughters.

 In the case of a child placed in foster care as a result of abuse or neglect proceedings, the placement is temporary. Code § 16.1-282. A second petition for a permanent custody determination must be filed and the statute requires that this be done within sixteen months. *Id.* For permanent termination of all parental rights, the Supreme Court of Virginia has held that the burden of proof is by clear and convincing evidence. *See Bailes v. Sours*, 231 Va. 96, 100, 340 S.E.2d 824, 827 (1986). The United States Supreme Court also has ruled on the constitutional issues in cases of this nature. In *Santosky v. Kramer*, 455 U.S. 745 (1982), the Court held that before parental rights may be terminated, the Fourteenth Amendment's Due Process Clause demands that the state support its allegations at least by clear and convincing evidence. The Court's rationale in *Santosky* turned on balancing "three distinct factors" which were specified in *Mathews v. Eldridge*, 424 U.S. 319 (1976): the private interests affected by the proceeding; the risk of error created by the State's chosen procedures; and the countervailing governmental interest supporting use of the challenged procedure. *Santosky*, 455 U.S. at 755.

We balance and apply these same three *Eldridge* factors in our determination of what burden of proof should apply when the issue is a temporary foster care placement rather than permanent termination of residual parental rights. First, the interest of the parent is substantial, although obviously not as substantial as it would be in a permanent termination. Unlike *Santosky*, the Commonwealth in the present proceedings seeks a temporary foster care placement and not to end the parental relationship. Likewise, unlike *Santosky*, these proceedings are not final and irrevocable. We conclude that the first *Eldridge* factor does not compel use of the higher burden of proof.

We next consider the risk of error created by the State's chosen procedures. The risk of error is greater from the parent's point of view if the preponderance of the evidence standard is used. Like

*Santosky*, the issues in these proceedings are largely subjective and involve application of imprecise standards. Additionally, the Commonwealth's ability to assemble its case almost inevitably dwarfs the parent's ability to mount a defense. However, unlike *Santosky*, further proceedings involving these issues are contemplated and the risk of error going undetected is minimized. Also, the Board of Social Services is required to make diligent efforts to return the child to the parents as soon as possible and its progress toward that goal must be periodically reviewed by the court. *See* Code §§ 16.1-281-82. An error in the fact finding process is likely to become apparent during the review proceedings and corrected by the trial court. Code § 16.1-282 requires that a petition for disposition be filed within sixteen months of the child's initial foster care placement. No permanent custody determination is made unless another petition is filed alleging abuse and neglect and the higher standard of proof for the permanent determination applies. Thus, with regard to the second *Eldridge* factor, we conclude that circumstances do not weigh heavily in favor of the higher standard of proof.

Finally, we consider the last *Eldridge* factor — the countervailing governmental interest in support of the use of the challenged procedure. The Commonwealth has a *parens patriae* interest in promoting the welfare of the child. The Commonwealth also has a fiscal and administrative interest in reducing the cost and burden of the proceedings. The Commonwealth's interest in these proceedings is to secure a safe environment for the child pending efforts to rehabilitate the family structure. After a temporary foster care placement, the Commonwealth is required to take steps to re-unite the family. Finally, the Commonwealth is required to institute additional proceedings if it wishes to terminate parental rights. We conclude that the third *Eldridge* factor does not compel use of the higher standard of proof.

We conclude that the first and second *Eldridge* factors are satisfied by employing the preponderance of the evidence standard, and that the third factor is served by employing that standard. We thus hold that the preponderance of the evidence standard is an appropriate standard for an abuse and neglect proceeding which may lead to temporary placement of the child. The due process clause does not require use of a clear and convincing standard, necessary for a termination of residual parental

rights proceeding.

Other courts have concluded that a preponderance of the evidence standard in abuse and neglect proceedings is constitutionally sufficient. *In re Sabrina M.*, 460 A.2d 1009 (Me. 1983); *In re O.E.P.*, 654 P.2d 312 (Colo. 1982); *In re Linda C.*, 86 A.D.2d 356, 451 N.Y.S.2d 268 (1982). We agree with the Maine Supreme Court in *Sabrina* where it is stated:

Although a stricter standard creates a smaller risk that parental rights will be erroneously curtailed in a child protection proceeding, it also creates a greater risk that the child will be forced to remain in or return to a jeopardous environment. Here, especially because the parental rights will at most be temporarily curtailed, we think that the State's interest in protecting a child from the risk of serious and potentially irrevocable harm counterbalances the parents' interest in avoiding an erroneous curtailment of their rights. Accordingly, we conclude that use of proof by a preponderance of the evidence standard reflects that the risk of error should be borne in roughly equal fashion and satisfies due process in a child protection proceeding.

*In re Sabrina M.*, 460 A.2d at 1017.

The welfare of the child is the paramount issue in cases such as this. Because the placement is only temporary and the risk of an improper placement can be corrected by subsequent action, we do not believe that due process requires proof in abuse and neglect proceedings greater than by a preponderance of the evidence.

Ms. Wright also contends that the evidence was insufficient to support a finding that she sexually abused her children. We need not recite the evidence here except to say that the children graphically detailed acts of sodomy between Ms. Wright and them and between her boyfriend and them in her presence. In short, we reject the claim that the evidence was insufficient.

Accordingly, the judgment appealed from is affirmed and the cause remanded to the trial court for such further proceedings as are consistent with this opinion.

*Affirmed.*

Coleman, J., and Duff, J., concurred.