COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bumgardner and Agee
Argued at Alexandria, Virginia


B. P.
                                              OPINION BY
v.    Record No. 2027-01-4              JUDGE G. STEVEN AGEE
                                           AUGUST 20, 2002
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF RAPPAHANNOCK COUNTY
                   Jeffrey W. Parker, Judge

          Cindy Leigh Decker, Assistant Public Defender
          (Office of the Public Defender, on brief),
          for appellant.

          Michael T. Judge, Assistant Attorney General
          (Jerry W. Kilgore, Attorney General, on
          brief), for appellee.


     B.P., a juvenile, appeals the judgment of the Circuit Court

of Rappahannock County affirming the decision of the juvenile and

domestic relations district court (the JDR court) holding B.P. in

contempt for failing to obey an order requiring her to attend

school.  B.P. was ordered to spend ten days in a juvenile

detention center for violating the order.  On appeal, B.P.

contends the JDR court lacked authority to order her to attend

school.  Therefore, she contends the court's order was void as a

matter of law and that she cannot be found in contempt of a void

order.  For the following reasons, we disagree and affirm the

decision of the circuit court.

# I. BACKGROUND

On January 27, 2000, a petition was filed in the Rappahannock County JDR court alleging B.P., age fourteen, was a child in need of supervision because she was "habitually and without justification absent from school." The JDR court appointed a guardian ad litem for B.P. and an attorney to represent her. In a hearing on March 23, 2000, B.P. entered a "guilty plea."

The JDR court issued an order that day of "Found guilty (Interim Disp)" and directed that a report on the child's needs be compiled and filed with the court. The matter was continued to May 11, 2000. The JDR court also included in the order the requirement that B.P. "attend school unless medically excused."

On June 1, 2000, October 13, 2000, and January 5, 2001, show cause summonses were issued by the JDR court, each alleging B.P. had failed to attend school in dereliction of the March 23, 2000 JDR court order. The JDR court considered all three matters on March 8, 2001, when B.P. admitted she had not attended school as previously ordered by the court. The JDR court found her guilty of violating its order on three separate occasions. B.P. was sentenced to spend ten days in a juvenile detention center for being in contempt of the order. B.P. appealed the JDR decision to the circuit court.

In the circuit court, B.P. admitted she had not attended school as the JDR court had ordered. She contended, however, that the JDR court lacked authority on March 23, 2000, to order her to attend school because no final disposition had been made pursuant to Code § 16.1-278.5 regarding the original petition.

She asserted the "interim disposition" order was void because the Code of Virginia does not authorize the JDR court to so act.

The circuit court found Code §§ 16.1-227 and 16.1-241(A) provide the JDR court with "interlocutory authority" to order a juvenile to attend school prior to the entry of a final disposition. The court also found Code § 16.1-292(A) provides the presiding JDR court judge with the authority to enforce such an order and place a juvenile in detention for violating that order. The circuit court incorporated these findings into its July 5, 2001 order, which affirmed the JDR court order and is now the subject of this appeal.

## II. ANALYSIS

B.P. challenges the authority of the JDR court to issue and enforce an interlocutory order, prior to a final disposition of her case, requiring her attendance at school. She argues such an order is not authorized because Code § 16.1-278.5 requires final disposition to occur only after an agency report assessing her needs has been filed. We disagree with B.P.'s contention that the JDR court lacked authority to issue an interlocutory order requiring her to attend school and that the court could not enforce its order.

The purpose of Chapter 11 of Title 16.1 of the Code, the "Juvenile and Domestic Relations District Court Law," is crime prevention and juvenile rehabilitation. See Kiracofe v. Commonwealth, 198 Va. 833, 97 S.E.2d 14 (1957). To achieve this purpose, JDR courts are vested with (1) jurisdiction over a juvenile "who is alleged to be . . . in need of supervision," and (2) "all necessary and incidental powers and authority, whether

legal or equitable in their nature."  Code §§ 16.1-241(A)(1), 16.1-227.  Through these powers, the JDR courts are to act "to reduce the incidence of delinquent behavior."  Code § 16.1-227(4).

It is pursuant to this clear grant of statutory authority that the JDR court lawfully issues an interlocutory order.  Such an order, as in this case requiring B.P. to comply with the Commonwealth's compulsory school attendance requirement, can be made while awaiting the preparation of an agency report before final disposition in a proceeding for a child in need of supervision.  Nothing in the language of Code § 16.1-278.5 voids the inherent powers of the court, granted under Code §§ 16.1-227 and 16.1-241(A)(1), to issue an interlocutory order.

To hold otherwise would require the JDR court to permit a juvenile to be absent from school for an indeterminate period of time in dereliction of Code § 22.1-254[1] while the court awaited the generation of a report on how best to supervise the juvenile. Such a result would permit a juvenile, already found to be habitually absent from school, to continue to disregard the Commonwealth's compulsory school attendance requirement at will. We will not place a construction upon a statute which leads to an absurd result or one plainly contrary to the expressed intent of the General Assembly as set out in Code § 22.1-254.  See Ragan v. Woodcroft Village Apartments, 255 Va. 322, 325-26, 497 S.E.2d 740, 742 (1998) (a statute should never be construed so that it leads to an absurd result); see also Owens v. Commonwealth, 129

---

[1] Code § 22.1-254 requires children between the ages of five years old and eighteen years old to attend school.

Va. 757, 761, 105 S.E. 531, 532 (1921) (a statute should not be construed to "enervate, impede and paralyze the administration of the . . . laws of the state . . . unless the legislative intent to produce such a result is clearly indicated").

Therefore, we hold the JDR court possessed authority to issue an interlocutory order requiring B.P. to comply with the law of the Commonwealth mandating her attendance at school.  Code §§ 16.1-227 and 16.1-241(A) provide such authority.  We further hold that as the interlocutory order to attend school was properly issued, Code § 16.1-292(A)[2] authorized the JDR court and circuit court to enforce that order.  This statute provides a court with the authority to punish for contempt the violation of its order.  As the record clearly supports the circuit court's finding that B.P. violated the school attendance order, Code § 16.1-292(A) specifically provides for the penalty adjudicated in this case:  "[C]onfinement . . . in a secure facility for juveniles . . .  not to exceed ten days . . . ."

Accordingly, we affirm the circuit court's decision that the JDR court had authority to issue the interlocutory school

---

[2] Code § 16.1-292(A) provides, in pertinent part:

> Except as otherwise expressly provided herein, nothing in this chapter shall deprive the court of its power to punish summarily for contempt for such acts as set forth in § 18.2-456, or to punish for contempt after notice and an opportunity for a hearing on the contempt except that confinement in the case of a juvenile shall be in a secure facility for juveniles rather than in jail and shall not exceed a period of ten days for each offense.

attendance order and to hold B.P. in contempt when she failed to obey that order.

<u>Affirmed.</u>

Benton, J., concurring, in part, and dissenting, in part.

The record establishes that the child properly came within the purview of the juvenile court and was declared a "child in need of supervision," as that term is defined in Code § 16.1-228. I agree with the majority opinion that the juvenile court judge had the authority pursuant to Code § 16.1-241 to order the child to attend school pending final disposition of her status pursuant to Code § 16.1-278.5. Thus, the order requiring her to do so was not void.

I dissent because I do not believe the juvenile court judge was authorized by statute to order the child to detention prior to entry of a final disposition under Code § 16.1-278.5 for a status offense. The circuit court judge found, however, that "pursuant to . . . Code § 16.1-292(A), . . . the [juvenile court] judge does have the authority to enforce its decree." The Commonwealth contends on appeal that Code § 16.1-292(A) authorizes this detention.

That portion of the statute provides as follows:

> Any person violating an order of the juvenile court entered pursuant to §§ 16.1-278.2 through 16.1-278.19, including a parent subject to an order issued pursuant to subdivision 3 of § 16.1-278.8, may be proceeded against (i) by an order requiring the person to show cause why the order of the court entered pursuant to §§ 16.1-278.2 through 16.1-278.19 has not been complied with, (ii) for contempt of court pursuant to § 16.1-69.24 or as otherwise provided in this section, or (iii) by both. Except as otherwise expressly provided herein, nothing in this chapter shall deprive the court of its power to punish summarily for contempt for such acts as set forth in § 18.2-456, or

to punish for contempt after notice and an opportunity for a hearing on the contempt except that confinement in the case of a juvenile shall be in a secure facility for juveniles rather than in jail and shall not exceed a period of ten days for each offense.  However, if the person violating the order was a juvenile at the time of the original act and is eighteen years of age or older when the court enters a disposition for violation of the order, the judge may order confinement (i) in jail, or (ii) in a secure facility for juveniles provided the judge finds from the evidence that the presence of the person in such a facility is consistent with assuring the safety of the children confined in the facility and the staff of the facility and the finding is in writing and included in the order.

Code § 16.1-292(A) (emphasis added).  When three "criminal" show cause summonses were issued by the juvenile court, no final disposition had been entered under Code § 16.1-278.5.  Moreover, I see no language in Code §§ 16.1-278.5 or 16.1-292(A) permitting detention of the child as an available sanction prior to disposition.

Because the courts below acted pursuant to subsection (A), they did not make any findings as would be required by subsections (C), (D), and (E) of Code § 16.1-292.  In any event, those provisions of Code § 16.1-292, which read as follows, are not applicable:

C.  Notwithstanding the contempt power of the court, the court shall be limited in the actions it may take with respect to a child violating the terms and conditions of an order to those which the court could have taken at the time of the court's original disposition pursuant to §§ 16.1-278.2 through 16.1-278.10, except as hereinafter provided.  However, this limitation shall

not be construed to deprive the court of its power to (i) punish a child summarily for contempt for acts set forth in § 18.2-456 or (ii) punish a child for contempt for violation of a dispositional order in a delinquency proceeding after notice and an opportunity for a hearing regarding such contempt, including acts of disobedience of the court's dispositional order which are committed outside the presence of the court.

D.  In the event a child in need of services is found to have willfully and materially violated for a second or subsequent time the order of the court pursuant to § 16.1-278.4, the dispositional alternatives specified in subdivision 9 of § 16.1-278.8 shall be available to the court.

E.  In the event a child in need of supervision is found to have willfully and materially violated an order of the court pursuant to § 16.1-278.5, the court may enter any of the following orders of disposition:

1.  Suspend the child's motor vehicle driver's license;

2.  Order any such child fourteen years of age or older to be (i) placed in a foster home, group home or other nonsecure residential facility, or, (ii) if the court finds that such placement is not likely to meet the child's needs, that all other treatment options in the community have been exhausted, and that secure placement is necessary in order to meet the child's service needs, detained in a secure facility for a period of time not to exceed ten consecutive days for violation of any order of the court arising out of the same petition.  The court shall state in its order for detention the basis for all findings required by this section.  When any child is detained in a secure facility pursuant to this section, the court shall direct the agency evaluating the child pursuant to § 16.1-278.5 to reconvene the

interdisciplinary team participating in such evaluation as promptly as possible to review its evaluation, develop further treatment plans as may be appropriate and submit its report to the court for its determination as to further treatment efforts either during or following the period the child is in secure detention. A juvenile may only be detained pursuant to this section in a detention home or other secure facility in compliance with standards established by the State Board. Any order issued pursuant to this subsection is a final order and is appealable to the circuit court as provided by law.

By placing the child in detention after a "criminal" show cause proceeding and before entry of a final disposition pursuant to Code § 16.1-278.5, the order effectively reclassifies the child as a delinquent. I believe it is contrary to the spirit of the statutes to interpret the Code in this manner such that prior to a final disposition, a child could be held in contempt and sanctioned for the same type of conduct being addressed by the underlying proceeding, but without the procedural safeguards afforded to the child in the underlying proceeding. Nothing within Code § 16.1-292(A), permits a juvenile court judge to order the sanctions provided therein for authority exercised pursuant to Code §§ 16.1-241 and 16.1-227. Indeed, Code § 16.1-292(F) specifically provides that "[n]othing in this section shall be construed to reclassify a child in need of services or in need of supervision as a delinquent." I would hold that the juvenile court judge could, at most, order those sanctions provided for under Code § 16.1-278.5.

For these reasons, I would reverse the portion of the order that orders the child into detention, prior to the entry of a

final disposition under Code § 16.1-278.5, for failure to attend school.