COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Powell and Senior Judge Clements


TANISHA KELLY

                                                MEMORANDUM OPINION*
v.      Record No. 2824-08-2                         PER CURIAM
                                                    MAY 5, 2009
HOPEWELL DEPARTMENT
  OF SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
                         Samuel E. Campbell, Judge

            (John A. Kirkland; Law Offices of David L. Cloninger, on brief), for
            appellant.  Appellant submitting on brief.

            (Joan M. O'Donnell; Christopher B. Ackerman, Guardian *ad litem*
            for the minor child C.S.; Rosalyn Vergara, Guardian *ad litem* for the
            minor child A.B., on brief), for appellee.  Appellee and Guardians
            *ad litem* submitting on brief.


        Tanisha Kelly, appellant, appeals a decision of the trial court finding her two minor children

to be abused or neglected as defined in Code § 16.1-228.  On appeal, she contends the evidence was

insufficient to prove that the children were abused or neglected within the meaning of Code

§ 16.1-228(1) and 16.1-228(4) and that the children were subjected to aggravated circumstances

pursuant to Code § 16.1-281(B).  Appellant also argues the trial court erred by approving the foster

care service plans for the children with the goal of relative placement or adoption.  Finding no error,

we affirm the decision of the trial court.

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

We view the evidence in the "light most favorable" to the prevailing party in the trial court and grant to that party the benefit of "all reasonable inferences fairly deducible therefrom." Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

Appellant is the mother of two minor children, A.B., a girl, and C.S., a boy. A.B. was eleven years old and C.S. was seven years old at the time of the October 24, 2008 trial. Curtis Simmons is the father of C.S., and he resided with appellant and the children at the time of the incidents. Simmons often took care of the children while appellant worked.

On or about April 18, 2008, the Hopewell Department of Social Services (DSS) received a complaint that A.B. had been sexually molested by Simmons and DSS assumed emergency custody of the children. DSS filed petitions alleging that the children were abused or neglected. On October 24, 2008, the trial court entered adjudicatory orders for the children, finding they were abused or neglected pursuant to Code § 16.1-228(1) and 16.1-228(4). The trial court also found that A.B. was subjected to aggravated circumstances while living in the home with appellant and Simmons. See Code § 16.1-281(B). The trial court approved foster care service plans for the children with the concurrent goal of relative placement or adoption. Appellant appeals the decisions of the trial court.

## ANALYSIS

### Abuse or Neglect

Code § 16.1-228 defines an abused or neglected child, in pertinent part, as a child:
(1) whose parents or person responsible for his care "creates or inflicts, threatens to create or inflict, or allows to be created or inflicted upon such child a physical or mental injury . . . "; or (4) "[w]hose parents or other person responsible for his care commits or allows to be committed any sexual act upon a child in violation of law."

Code § 16.1-281(B) provides:

> "Aggravated circumstances" means torture, chronic or severe abuse, or chronic or severe sexual abuse, if the victim of such conduct was a child of the parent or a child with whom the parent resided at the time such conduct occurred, including the failure to protect such a child from such conduct, which conduct or failure to protect: (i) evinces a wanton or depraved indifference to human life, or (ii) has resulted in the death of such a child or in serious bodily injury to such a child.

"'Chronic abuse' or 'chronic sexual abuse' means recurring acts of physical abuse that place the child's health, safety and well-being at risk." Code § 16.1-281(B).

The preponderance of the evidence standard is an appropriate standard for an abuse or neglect proceeding. Wright v. Arlington County Dep't of Soc. Servs., 9 Va. App. 411, 414-15, 388 S.E.2d 477, 479 (1990). "The burden of showing something by a 'preponderance of the evidence[ ]' . . . 'simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence . . . .'" Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal., 508 U.S. 602, 622 (1993) (quoting In re Winship, 397 U.S. 358, 371-72 (1970) (Harlan, J., concurring)).

The record contains credible evidence that both of appellant's children were abused and neglected. A.B. testified that Simmons had anal intercourse with her on at least twenty or more occasions. She also testified that since she was seven years old, Simmons had repeatedly touched her on her "chest" and vaginal areas and that she told appellant about the incidents "at least . . . two or three times." A.B. stated she once discussed the incidents with appellant in the presence of Simmons, but he denied the incidents had occurred. A.B. testified that in 2006 she also gave appellant a letter reporting the incidents. However, she did not think appellant believed her accusations. A.B. also reported the incidents to Michelle Peppers, a social worker with DSS.

In addition, A.B. testified that Simmons threw things at her and C.S., including shoes and a jar, sometimes in the presence of appellant. She stated that Simmons hit her in the face and once

- 3 -

picked up C.S. by the collar and threw him to the ground, but appellant was not home when this incident took place. A.B. testified that C.S. "was treated worse than [she] when it came to being hit" by Simmons.

Peppers testified A.B. reported to her that over the past several years, Simmons had touched her breasts and vaginal area and had repeatedly had anal intercourse with her. Peppers stated that A.B., when she was about nine years old, told appellant about the incidents while in the presence of Simmons. Simmons denied the allegations, and A.B. then told appellant the allegations were not true. Peppers also testified that a sexual abuse physical examination performed on A.B. did not show any injuries to the child, but it also did not indicate that no abuse occurred.

DSS removed the children from appellant's care on April 18, 2008 based on A.B.'s allegations of years of molestation by Simmons and because appellant had done nothing to protect A.B. from the molestation. When Peppers went to the residence to obtain custody of C.S., C.S. told Peppers that Simmons and A.B. would often spend time alone upstairs in A.B.'s room and Simmons would direct C.S. to remain downstairs.

Peppers testified that appellant told her A.B. reported molestation incidents to her in 2006, but she did not believe the reports because A.B. later told her the accusations were untrue. Appellant also told Peppers that A.B. had a history of lying. Therefore, appellant continued to leave the children in the care of Simmons while she was at work. Peppers testified that appellant did not attempt to determine why A.B. would lie about the acts, she did not seek mental health counseling for A.B., she did not make an effort to ensure the safety of her two children, she did not report the incidents, and she made no attempts to determine whether the acts actually took place. Peppers also stated that, after DSS had custody of the children, she learned there was domestic violence in the home between appellant and Simmons and between Simmons and the children, sometimes in the presence of appellant.

Peppers opined that the abuse of A.B. was chronic and that it placed the health, safety and well-being of A.B. at risk. She further agreed that appellant's failure to protect A.B. from the ongoing chronic abuse after its disclosure in 2006 evidenced a wanton, depraved indifference for the well-being of A.B.

"In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests." Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990). The trial court's judgment, "when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it." Peple v. Peple, 5 Va. App. 414, 422, 364 S.E.2d 232, 237 (1988).

The trial court found A.B. was a "very mature, well spoken, intelligent" and "impressive" witness. In addition, the court noted its "long-standing relationship" with Peppers as a witness. The trial court accepted A.B.'s testimony that Simmons hit her, threw objects at her, and sexually abused her for years, finding by clear and convincing evidence that the abuse was "chronic." "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The trial court further found that A.B. was "intimidated" when she attempted to report the sexual abuse incidents to appellant while in the presence of Simmons, who denied the reports, and that appellant should have investigated the complaints further.

Thus, the evidence showed by a preponderance that A.B. was abused or neglected pursuant to Code § 16.1-228(1) because Simmons, her caretaker, inflicted physical or mental injury upon A.B. In addition, the evidence showed by a preponderance that A.B. was abused or neglected pursuant to Code § 16.1-228(4) because appellant allowed Simmons to commit sexual acts upon the child by continuing to leave her in the care of Simmons after A.B. reported the abuse to her.

Furthermore, the trial court could conclude from the evidence presented that A.B. was subject to aggravated circumstances by appellant's failure to protect her from the chronic physical and sexual abuse administered by Simmons and appellant's failure to do so evinced a wanton or depraved indifference to A.B.'s life. See Code § 16.1-281(B).

In addition, the evidence supported a finding that C.S. was abused or neglected pursuant to Code § 16.1-228(1) because Simmons, his parent, created physical injury to C.S. by throwing objects at him and throwing him to the floor. Furthermore, appellant was present during some of the incidents and failed to take measures to protect C.S. See Code § 16.1-228(1). The evidence also supported a finding that C.S. was abused or neglected pursuant to Code § 16.1-228(4) because he was a child whose parent, Simmons, committed a sexual act on a child, A.B., and whose parent, appellant, allowed a sexual act to be committed on a child, A.B. Thus, the record contains credible evidence to support the trial court's findings.

Although appellant argues the trial court erred by finding that C.S. was subjected to aggravating circumstances, the trial court did not make such a finding. Rather, the adjudicatory order for C.S. states that "a sibling" of C.S. "was subjected to aggravated circumstances" within the meaning of Code § 16.1-281(B). Accordingly, this argument is without merit.

Foster Care Plans

Sarah Powell of DSS testified concerning the foster care service plans with the concurrent goals of relative placement or adoption. She stated that DSS had the names of several relatives to consider for placement of the children and DSS was in the process of taking the necessary steps to consider placement with these relatives. In addition, Powell testified that DSS had recommended that appellant have a psychological assessment, substance abuse evaluation, and individual counseling. Appellant had completed only the psychological assessment, and she had not provided DSS with information that she had followed up on obtaining individual counseling. Powell also

stated that appellant was not truthful in her psychological evaluation concerning her criminal history.

Furthermore, Code § 16.1-281(B)(4) provides that DSS shall not be required by the court to make reasonable efforts to reunite a child with a parent if the court finds by clear and convincing evidence that the parent has subjected "any child" to aggravating circumstances. As addressed above, the trial court found by clear and convincing evidence that A.B. had been subjected to aggravating circumstances by suffering chronic sexual abuse from Simmons and that appellant was aware of the abuse, yet she did nothing to stop the abuse and protect her child. Therefore, the trial court's decisions to approve the goal in the foster care plans of both A.B. and C.S. were not plainly wrong and were supported by credible evidence. "When addressing matters concerning a child, . . . the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

Accordingly, the decision of the trial court is affirmed.

Affirmed.