COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Elder, Frank and Petty
Argued by teleconference

ANDY DEWAYNE CUMBO

OPINION BY
v.      Record No. 1796-12-3               JUDGE ROBERT P. FRANK
JUNE 11, 2013

DICKENSON COUNTY DEPARTMENT
  OF SOCIAL SERVICES

FROM THE CIRCUIT COURT OF DICKENSON COUNTY
Henry A. Vanover, Judge

Charles H. Slemp, III (Slemp Law Office, PLLC, on brief), for
appellant.

Laura Faye Robinson (Martha M. Short, Guardian *ad litem* for the
minor children; Freddie E. Mullins, P.C.; Short Law Firm, on brief),
for appellee.

Andy DeWayne Cumbo, appellant, appeals the decision of the circuit court finding that

he abused and neglected his two nieces, K.C. and H.C., under Code § 16.1-228(4) and (5).  For

the reasons stated, we affirm the judgment of the trial court.

BACKGROUND

Appellant was the legal custodian of his nieces, K.C. and H.C., ages ten and eleven, who

lived with appellant.

Police investigation revealed that appellant had befriended Z.L., a sixteen-year-old minor,

on Facebook and the two began "chatting" online for approximately three weeks.  Appellant

admitted that he and Z.L. devised a plan in which Z.L. would sneak out of his home late at night

and appellant would pick him up.

On August 9, 2012, police arrested appellant and charged him with contributing to the delinquency of a minor and taking indecent liberties with a minor. After his arrest, appellant admitted to the police and a social services worker that he and Z.L. would drink alcohol during their meetings, that he and Z.L. engaged in oral sex, that he took pictures of Z.L.'s exposed penis and showing appellant touching the penis, and that the pictures revealed appellant performing oral sex on Z.L. Appellant stated he spent time with Z.L. approximately four times over the past three weeks.

Upon appellant's arrest, he was incarcerated and held without bond until released. Based on this incarceration, the Department of Social Services (DSS) obtained an emergency removal order and placed K.C. and H.C. in foster care.

There was no evidence appellant sexually or physically abused K.C. or H.C., nor did appellant's sexual acts occur with the children present.

Prior to the hearing on whether the children were abused and neglected, the trial court *nolle prosequied* the charges against appellant, although the investigation continued. The trial court found the two nieces were abused and neglected under Code § 16.1-228(4) and (5).

This appeal follows.

ANALYSIS

Appellant challenges the trial court's finding that the two children were abused and neglected under Code § 16.1-228(4), and (5).[1] Specifically, his contention under subparagraph

---

[1] Code § 16.1-228 states in relevant part: "Abused or neglected child means any child:"

> 4. Whose parents or other person responsible for his care commits or allows to be committed any sexual act upon a child in violation of the law;

> 5. Who is without parental care or guardianship caused by the unreasonable absence or the mental or physical incapacity of the child's parent, guardian, legal custodian, or other person standing in *loco parentis*.

(4) is twofold: First, he argues that since he was not convicted of sexually abusing Z.L., he did not commit any sexual act. Next, he contends that because Z.L. was not a child under his care, nor was the act done in the presence of his nieces, he did not violate the statute.[2]

The standard of review concerning Code § 16.1-228(4) is one of statutory interpretation since the essence of his argument is that the trial court erred in interpreting "a child" as "any child," as opposed to the child of the parent or guardian.

> "'Statutory construction is a question of law which we review *de novo* on appeal.'" Lynchburg Div. of Soc. Servs. v. Cook, 276 Va. 465, 480, 666 S.E.2d 361, 368 (2008) (quoting Parker v. Warren, 273 Va. 20, 23, 639 S.E.2d 179, 181 (2007)). In accordance with well-established principles, we will "'apply the plain language of a statute unless the terms are ambiguous.'" Id. (quoting Boynton v. Kilgore, 271 Va. 220, 227, 623 S.E.2d 922, 926 (2006)). "'[T]he primary objective of statutory construction is to ascertain and give effect to legislative intent.'" Commonwealth v. Amerson, 281 Va. 414, 418, 706 S.E.2d 117, 118 (2011)); see also B.P. v. Commonwealth, 38 Va. App. 735, 739, 568 S.E.2d 412, 413 (2002) ("We will not place a construction upon a statute which leads to an absurd result or one plainly contrary to the expressed intent of the General Assembly . . . .").

Fitzgerald v. Commonwealth, 61 Va. App. 279, 284-85, 734 S.E.2d 708, 710 (2012). Legislative intent is ascertained "'by giving to all the words used their plain meaning, and construing all statutes *in pari materia* in such manner as to reconcile, if possible, any discordant feature which may exist, and make the body of the laws harmonious and just in their operation.'" Thomas v.

---

[2] Because we affirm the trial court's finding that K.C. and H.C. were abused and neglected pursuant to Code § 16.1-228(4), we do not address appellant's third argument that the children were not without parental care caused by an unreasonable absence of their parent or guardian under Code § 16.1-228(5). When a trial court's judgment is made on alternative grounds, we need only consider whether any one of the alternatives is sufficient to sustain the judgment of the trial court and, if we so find, need not address the other grounds. See Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 8, 614 S.E.2d 656, 659 (2005) (termination of parental rights upheld under one subsection of Code § 16.1-283 forecloses the need to consider termination under alternative subsections); see also, Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) (*en banc*) ("[A]n appellate court decides cases 'on the best and narrowest ground available.'" (quoting Air Courier Conference v. Am. Postal Workers Union, 498 U.S. 517, 531 (1991) (Stevens, J., concurring))).

Commonwealth, 59 Va. App. 496, 500, 720 S.E.2d 157, 159-60 (2012) (quoting Lucy v. Cnty. of Albemarle, 258 Va. 118, 129-30, 516 S.E.2d 480, 485 (1999)). Furthermore, "'[w]e . . . presume that the legislature chose, with care, the words it used when it enacted the relevant statute.'" Seabolt v. Cnty. of Albermarle, 283 Va. 717, 720, 724 S.E.2d 715, 717 (2012) (alteration in original) (quoting Addison v. Jurgelsky, 281 Va. 205, 208, 704 S.E.2d 402, 404 (2011)).

We first address appellant's contention that he does not violate the statute unless he is convicted of committing a sexual act. He claims that merely committing a sexual act is not sufficient. Appellant does not contend that he did not commit the sexual offenses against Z.L. In fact, he admitted to those sexual crimes.

"Commit" and "convicted" are two distinct concepts. Commit is defined as "do; perform." Webster's Third New International Dictionary 457 (1993). It is obvious the legislature chose the word "commit" and not "convict." Surely, the legislature can distinguish between these two terms. See, e.g., Code § 9.1-901 (requiring every person convicted of certain sexual offenses to register under the Sex Offender and Crimes Against Minors Registry Act); see also Code § 19.2-310.2 (requiring every person convicted of a felony to submit to DNA testing).

We conclude that the language of Code § 16.1-228(4) is unambiguous. The plain language requires only that the individual commit the offense, i.e., that he performed the act, not that he be convicted of it. It is uncontested that appellant took indecent liberties with Z.L. in violation of Code § 18.2-370.

Relying on decisions such as In re Winship, 397 U.S. 358 (1970), which explain the significance of the presumption of innocence that is afforded to a defendant in a criminal trial, appellant cites to the presumption of innocence to support his argument that one must be convicted of the sexual offense to satisfy subparagraph (4). This argument fails for several

reasons. First, an abuse and neglect proceeding is civil in nature and the presumption of innocence is inapplicable.[3] Second, a criminal conviction requires proof beyond a reasonable doubt. By contrast, the lesser "preponderance of the evidence standard is an appropriate standard for an abuse and neglect proceeding which may lead to temporary placement of the child." Wright v. Arlington Cnty. Dep't of Soc. Servs., 9 Va. App. 411, 414, 388 S.E.2d 477, 479 (1990). Here, appellant does not contend that he did not commit the sexual offenses against Z.L. In fact, he admitted to those sexual crimes. By admitting to the sexual contact, appellant provided the trial court with sufficient evidence to find that he engaged in sexual activity with the minor.

Appellant points to the memorandum opinion Davenport v. Davenport, No. 1517-93-2, 1995 Va. App. LEXIS 75 (Va. Ct. App. Jan. 31, 1995), to support his position that he must be convicted of the sexual act.[4] Davenport, a custody case, does not support appellant's contention. The Court in Davenport, as here, acknowledged that the criminal charges against the father had been *nolle prosequied* in an earlier proceeding. However, the Davenport Court rejected the mother's testimony about the father's behavior and therefore found there was no abuse by the

---

[3] Indeed, the Commonwealth's decision to *nolle prosequi* the criminal indictments has no bearing on a subsequent removal proceeding. "Under Virginia procedure a *nolle prosequi* is a discontinuance which discharges the accused from liability on the indictment to which the *nolle prosequi* is entered." Cantrell v. Commonwealth, 7 Va. App. 269, 280, 373 S.E.2d 328, 333 (1988). "*Nolle prosequi*, if entered before jeopardy attaches, neither operates as an acquittal nor prevents further prosecution of the offense." Bucolo v. Adkins, 424 U.S. 641, 642 (1976) (per curiam); cf. Commonwealth v. Jackson, 255 Va. 552, 557, 499 S.E.2d 276, 279 (1998) (equating a dismissal upon accord and satisfaction under Code § 19.2-151 with a *nolle prosequi* in that both "dismissal[s] take place without a determination of guilt"). Thus, the Commonwealth may indict appellant for taking indecent liberties with the minor at a later time.

[4] It is well settled that "unpublished opinions are merely persuasive authority and not binding precedent." Baker v. Commonwealth, 59 Va. App. 146, 153 n.3, 717 S.E.2d 442, 445 n.3 (2011); see also Rule 5A:1(f) ("The citation of judicial opinions, orders, judgments, or other written dispositions that are not officially reported . . . is permitted as informative, but shall not be received as binding authority.").

father.  The issue in <u>Davenport</u> was the mother's credibility, not whether Davenport was convicted of the offense.  That is not the case here, where appellant admitted to committing the sexual acts.  Therefore, we do not find <u>Davenport</u> persuasive.

Next, appellant challenges the trial court's interpretation of the phrase "a child" in subparagraph (4), contending the victim of such abuse must be a child under his care.  He argues that his nieces cannot be abused or neglected for acts committed upon another child.  Again, we disagree.

Appellant cites <u>Nguyen v. Fairfax County Dept. of Family Services</u>, No. 0938-04-4, 2004 Va. App. LEXIS 465 (Va. Ct. App. Sept. 28, 2004), a memorandum decision of this Court, to support his argument that "a child" means "the child" in appellant's custody.  Footnote 2 in <u>Nguyen</u> states that for a child to be "abused or neglected" for purposes of Code § 16.1-228(4), the child's parent, or person responsible for the child, must have committed, or allowed to have been committed, an unlawful sexual act upon the child.  <u>See</u> Code § 16.1-228(4).  In <u>Nguyen</u>, it is uncontroverted that the victims were children of the mother whose parental rights were terminated.  Thus, <u>Nguyen</u> sheds no light on the issue before us.  As stated earlier, memorandum opinions have no precedential value.  Thus, we are free to ignore footnote 2 in <u>Nguyen</u>.  We find <u>Nguyen</u> unpersuasive for the reasons stated herein.

Appellant contends that Code § 16.1-228(4) requires a "household connection between the sexual acts and the child."  We find this argument unpersuasive.  He cites <u>Ferrell v. Warren Dept. of Soc. Services</u>, 59 Va. App. 375, 719 S.E.2d 329 (2012), a termination case, wherein we reviewed Code § 16.1-118(1) which defined an "abused or neglected child" as a child

> [w]hose parents or other person responsible for his care creates or
> inflicts, threatens to create or inflict, or allows to be created or
> inflicted upon such child a physical or mental injury by other than
> accidental means, or creates a substantial risk of death,
> disfigurement or impairment of bodily or mental functions.

59 Va. App. at 416, 719 S.E.2d at 349. We concluded the children were in danger of death, or disfigurement because of an unsafe environment. Ferrell did not involve the sexual abuse of a different child.

The article "a" is defined online as, "Not any particular or certain one of a class or group: a man; a chemical; a house," http://dictionary.reference.com/a (last visited May 1, 2013), or "used as a function word before most singular nouns . . . when the individual in question is undetermined, undefined or unspecified." Webster's, supra, at 1. Thus, these definitions lead us to conclude that the reference to "a child" means not any particular child, nor any one of a class or group, such as the parent or custodian's child. See also Phelps v. Commonwealth, 274 Va. 139, 142, 654 S.E.2d 926, 927 (2008) (interpreting the word "a" as "The ordinary meaning of the word 'a' means 'any' or 'each'" (quoting Webster's, supra, at 1)). Further, a review of the entire statute supports this conclusion.

Code § 16.1-228(1), (2), (3), (5), and (6) all restrict the subject of the abuse to child in the custody of a parent or guardian.[5] Clearly, the legislative intent of these subparagraphs is to

---

[5] "Abused or neglected child" means any child:

1. Whose parents or other person responsible for his care creates or inflicts, threatens to create or inflict, or allows to be created or inflicted upon such child . . . ;

2. Whose parents or other person responsible for his care neglects or refuses to provide care necessary for his health; . . .

3. Whose parents or other person responsible for his care abandons such child;

*       *       *       *       *       *       *

5. Who is without parental care or guardianship caused by the unreasonable absence or the mental or physical incapacity of the child's parent, guardian, legal custodian, or other person standing in *loco parentis*; or

define "abuse and neglect" in terms of some danger to the children in the care of their parent or guardian. But such is not the case in subparagraph (4) which states "abused or neglected child" means *any* child whose parents or other person responsible for his care commits or allows to be committed any sexual act upon a child in violation of the law. There is no language restricting the use of the article "a" to a particular or certain class of children, as do the other subparagraphs. See Kelso v. Commonwealth, 57 Va. App. 30, 38, 698 S.E.2d 263, 266 (2010) ("[W]e must presume that the General Assembly understood basic rules of grammar when drafting the statute."). Because the General Assembly "use[d] two different terms in the same act," we presume "those terms . . . mean two different things." Greenberg v. Commonwealth, 255 Va. 594, 601, 499 S.E.2d 266, 270 (1998). Had the General Assembly wished to restrict the definition of an "abused or neglected child" to only those who were actual victims of sexual abuse by their parents or guardians, it could have done so.

Appellant's interpretation of this subparagraph would lead to an absurd result allowing a sexual predator to maintain custody of his children or wards while abusing other children. Common logic would dictate that a person who sexually abused any child is a threat to the well-being of the children in his care or custody. Appellant's contention, if accepted, would require authorities to stand by and wait for those children to be sexually abused. It would be an unacceptable outcome for children to be socialized by a sexual predator.

We conclude that "a child" refers to "any child" and is not limited to the child in a parent's or guardian's custody or care.

---

6. Whose parents or other person responsible for his care creates a substantial risk of physical or mental injury by knowingly leaving the child alone in the same dwelling, including an apartment . . . with a person to whom the child is not related by blood or marriage and who the parent or other person responsible for his care knows has been convicted of an offense against a minor for which registration is required as a violent sexual offender . . . .

Having found K.C. and H.C. were abused and neglected under Code § 16.1-228(4), we need not address whether the evidence was sufficient to meet the requirements of Code § 16.1-228(5).

We conclude that the trial court did not err in finding that K.C. and H.C. were abused and neglected by appellant pursuant to Code § 16.1-228(4).

<u>Affirmed.</u>