COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Kelsey, Beales and Senior Judge Clements

RENE CHAVEZ

MEMORANDUM OPINION*

v.      Record No. 2127-13-4                                          PER CURIAM
                                                                     MAY 20, 2014

ARLINGTON COUNTY DEPARTMENT
  OF HUMAN SERVICES


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
William T. Newman, Judge

(Mark S. Thrash, on brief), for appellant.  Appellant submitting on
brief.

(Jason L. McCandless, Assistant County Attorney; Julia Ovando,
Guardian *ad litem* for the minor child, on brief), for appellee.
Appellee and Guardian *ad litem* submitting on brief.


Rene Chavez appeals an order finding that he sexually abused a minor child.  Chavez argues

that the circuit court abused its discretion in finding that he abused, sexually or otherwise, his

girlfriend's child.  Upon reviewing the record and briefs of the parties, we conclude that the circuit

court did not err.  Accordingly, we affirm the decision of the circuit court.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax Cnty. Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In November 2012, Dora del Carmen Hernandez lived in a three-floor duplex. Chavez and Jenny Miranda-Lopez rented the basement from Hernandez, but Hernandez still used the clothes washer and dryer located in the basement.

One day during the first week of November 2012, Hernandez went to the basement to take clothes out of the dryer. She saw Chavez with Miranda-Lopez's one-year-old son, who was not wearing a diaper. Hernandez saw Chavez put his mouth on the child's "private parts." Chavez's pants zipper was down, but he was fully clothed. She then saw Chavez turn the child around and "slowly" rub the child against his "private parts" and down his body as he placed the child on the floor. Upon seeing Chavez's interaction with the child, Hernandez initially thought, "what a strange way to play with him." Then, she went upstairs to see if Miranda-Lopez was home and later told the child's mother to "protect her child more."

Hernandez testified that she had sufficient light to see Chavez and the child because the lights on the stairs and in the kitchen were lit. She does not wear glasses.

On November 26, 2012, the Arlington County Department of Human Services (the Department) filed a petition requesting a preliminary protective order and alleged that Chavez abused or neglected the child. On December 20, 2012, the Arlington County Juvenile and Domestic Relations District Court (the JDR court) found that Chavez abused the child and ordered him to have no contact with the child. Chavez appealed to the circuit court.

After hearing all of the evidence and argument, the circuit court held that the Department met its burden of proof, by a preponderance of the evidence, that Chavez sexually abused the child. It ordered that the protective order remain in place and remanded the matter to the JDR court. The circuit court entered an order reflecting its rulings on September 30, 2013. This appeal followed.

ANALYSIS

Chavez argues that the evidence was insufficient to support the circuit court's finding of abuse. He contends Hernandez's testimony was not credible. He questions how well she could have seen him because the lighting was poor.

"It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*).

The circuit court had an opportunity to see and hear the witnesses and found Hernandez to be a credible witness. She testified that she could clearly see Chavez and described in detail what he was doing.

Chavez further argues that the Department did not meet its burden of proving that he sexually abused the child. He notes that Hernandez initially thought he was playing with the child. He was fully clothed during the incident. He also asserts that when a person is holding a child and placing a child on the floor, he or she "*always* moves the child down his or her body in order to get it to the floor." (Emphasis in original). Chavez contends the evidence was insufficient to prove that he abused the child.

An "abused or neglected child" is one "[w]hose parents or other person responsible for his care commits or allows to be committed any sexual act upon a child in violation of the law." Code § 16.1-228(4).

"If a petition alleging abuse or neglect of a child has been filed, . . . the court shall determine whether the allegations of abuse or neglect have been proven by a preponderance of the evidence." Code § 16.1-253(F). "[T]he preponderance of the evidence standard is an appropriate standard for an abuse and neglect proceeding." Wright v. Arlington Cnty. Dep't of Soc.

Servs., 9 Va. App. 411, 414, 388 S.E.2d 477, 479 (1990); see also Cumbo v. Dickenson Cnty. Dep't of Soc. Servs., 62 Va. App. 124, 130, 742 S.E.2d 885, 888 (2013).

In order to prove sexual abuse by a preponderance of the evidence, the Department had to prove both an intentional touching and that Chavez acted with "the intent to sexually molest, arouse, or gratify." See Code § 18.2-67.10. "'Intent is the purpose formed in a person's mind that may, and often must, be inferred from the facts and circumstances in a particular case.'" Blaylock v. Commonwealth, 26 Va. App. 579, 589, 496 S.E.2d 97, 104 (1998) (quoting Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979)).

When it issued its ruling, the circuit court admitted that if the standard of proof was beyond a reasonable doubt, then the Department might not have met its burden. However, since the standard of proof was "mere preponderance," the Department only had to prove "it's more likely than not" that Chavez abused the child. Under that standard, the circuit court held that the Department met its burden of proof. There was sufficient evidence that Chavez put his mouth on the child's "private parts" when the child was not wearing a diaper. Although Chavez was fully clothed, his zipper was down. There also was evidence that Chavez "slowly" rubbed the child down his body. Considering the totality of the evidence, the circuit court could infer that Chavez had the intent to sexually abuse the child.

Accordingly, the circuit court did not err in finding that the evidence was sufficient to find that Chavez abused the child.

### CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed.

Affirmed.