COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Decker and AtLee
Argued at Salem, Virginia

UNPUBLISHED

DONNA WEBB

v.      Record No. 0828-15-3

TAZEWELL COUNTY DEPARTMENT
 OF SOCIAL SERVICES

MEMORANDUM OPINION[*] BY
JUDGE MARLA GRAFF DECKER
JANUARY 12, 2016

FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
Jack S. Hurley, Jr., Judge

Herbert C. Clay (Marion Legal Services, P.C., on brief), for
appellant.

Shelia Jane Weimer, Assistant County Attorney (Jim Terry Shortt,
Guardian *ad litem* for the infant child; Cooke & Shortt, on brief), for
appellee.

*Amicus Curiae*: Local Government Attorneys of Virginia, Inc.
(Martin R. Crim; Robert F. Beard; Vanderpool, Frostick &
Nishanian, P.C., on brief), for appellee.

Donna Webb appeals the termination of her parental rights. She argues that her due process

rights were violated because the filing of the petition to terminate her parental rights by an employee

of the Tazewell County Department of Social Services (TCDSS) constituted the unauthorized

practice of law. For the reasons that follow, we hold that the appellant's claim is procedurally

barred. Consequently, we affirm the circuit court order terminating the appellant's parental rights.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

A petition for termination of the residual parental rights of the appellant to her child was filed in the juvenile and domestic relations district court. Kimberly Williby, an employee of the appellee (TCDSS), signed the form as "petitioner." Williby is a "foster care and adoption worker."

After a hearing pursuant to Code § 16.1-283, the juvenile and domestic relations district court terminated the appellant's parental rights. At the *de novo* hearing in circuit court, that court also ordered the termination of the appellant's parental rights. The mother appeals the circuit court decision.

## II. ANALYSIS

The appellant argues that the circuit court erred in terminating her parental rights because the underlying petition that initiated the proceedings was not signed by an attorney in accordance with Code § 8.01-271.1 and, therefore, it was not properly before the circuit court.[1] She recognizes that she did not raise this argument below, but she contends that the ends-of-justice exception to Rule 5A:18 should apply because her constitutional right to due process was violated. The appellant claims that she could not raise her challenge earlier because it is based on a Virginia State Bar (VSB) ethics counsel opinion released over a month after the final termination order was entered.

---

[1] The appellant acknowledged at oral argument that she does not contend that the order is void or voidable. See Wroblewski v. Russell, 63 Va. App. 468, 476 n.2, 759 S.E.2d 1, 5 n.2 (2014) (holding that the challenged order was not void *ab initio* because the circuit court had "subject matter jurisdiction as well as jurisdiction over the parties"); see also Singh v. Mooney, 261 Va. 48, 52, 541 S.E.2d 549, 551 (2001) (explaining that voidable orders may only "be set aside by motion filed in compliance with Rule 1:1 or provisions relating to the review of final orders"). We recognize that we may address *sua sponte* whether the order is void *ab initio*, but under the circumstances of this case, we do not. Hicks v. Mellis, 275 Va. 213, 219, 657 S.E.2d 142, 145 (2008); see Code § 16.1-260 (governing the commencement of matters before juvenile and domestic relations district courts and explaining that "[f]ailure to comply with the procedures set forth in this section shall not divest the juvenile court of . . . jurisdiction").

Rule 5A:18 makes clear that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." See also Tackett v. Arlington Cty. Dep't of Human Servs., 62 Va. App. 296, 324, 746 S.E.2d 509, 523 (2013) ("[E]ven due process claims will not be considered for the first time on appeal." (quoting Stokes v. Commonwealth, 61 Va. App. 388, 396, 736 S.E.2d 330, 335 (2013))). "The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals." Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991). Additionally, "a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding." Id.

The appellant concedes that she did not raise this issue below as required by Rule 5A:18. She asserts, however, that the rule's ends-of-justice exception applies in this case because the appellee's failure to follow a procedural requirement for termination of parental rights by not having the petition signed by an attorney violated her constitutional right to due process.[2] She

_____

[2] The Due Process Clause of the Fourteenth Amendment protects "a parent's liberty interest in 'the companionship, care, custody and management of his or her children.'" Wright v. Alexandria Div. of Soc. Servs., 16 Va. App. 821, 829, 433 S.E.2d 500, 505 (1993) (quoting Stanley v. Illinois, 405 U.S. 645, 651-52 (1972)). Due process requires that the Department of Social Services and courts "comply strictly with the statutory scheme for disposition of child custody cases." Rader v. Montgomery Cty. Dep't of Soc. Servs., 5 Va. App. 523, 528, 365 S.E.2d 234, 237 (1988) (referencing trial courts); see Strong v. Hampton Dep't of Soc. Servs., 45 Va. App. 317, 322, 610 S.E.2d 873, 875 (2005) (explaining that this requirement also applies to the Department of Social Services). "The statutory scheme for the constitutionally valid termination of residual parental rights in this Commonwealth is primarily embodied in Code § 16.1-283." Rader, 5 Va. App. at 526, 365 S.E.2d at 235; see also Code § 16.1-260(I) ("Failure to comply with the procedures set forth in this section shall not divest the juvenile court of the jurisdiction granted it in § 16.1-241.").

suggests that this violation constitutes a miscarriage of justice under the ends-of-justice exception.[3]

The ends-of-justice exception "is narrow and is to be used sparingly." M. Morgan Cherry & Assocs. v. Cherry, 37 Va. App. 329, 340, 558 S.E.2d 534, 539 (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989)), adhered to on reh'g en banc, 38 Va. App. 693, 586 S.E.2d 391 (2002). In order to successfully invoke this exception, an appellant "must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." Id. (quoting Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997)); see also Bazemore v. Commonwealth, 42 Va. App. 203, 219, 590 S.E.2d 602, 609 (2004) (*en banc*) (quoting Redman, 25 Va. App. at 221, 487 S.E.2d at 272). "[A]pplication of the ends of justice exception 'requires a determination not only that there was error . . . but also that application of the exception is necessary to avoid a grave injustice.'" Lacey v. Commonwealth, 54 Va. App. 32, 46, 675 S.E.2d 846, 853 (2009) (quoting Charles v. Commonwealth, 270 Va. 14, 20, 613 S.E.2d 432, 434 (2005)). Moreover, the error at issue must be "clear, substantial and material." Brown v. Commonwealth, 279 Va. 210, 219, 688 S.E.2d 185, 190 (2010) (quoting West v. Commonwealth, 43 Va. App. 327, 338, 597 S.E.2d 274, 279 (2004)). "[T]he exception generally requires a determination that 'the error clearly had an effect

---

[3] The appellant does not argue that the "good cause" exception to Rule 5A:18 applies, and our review of the record does not provide any reason to invoke it. See Andrews v. Commonwealth, 37 Va. App. 479, 494, 559 S.E.2d 401, 409 (2002) (holding that the good cause exception did not apply because the appellant had the opportunity to bring his claim to the attention of the trial court but failed to do so); cf. Toghill v. Commonwealth, 289 Va. 220, 226, 768 S.E.2d 674, 677 (2015) (applying the good cause exception *sua sponte* in light of the unique context of a subsequent conflicting opinion from the United States Court of Appeals for the Fourth Circuit on a federal constitutional issue).

upon the outcome of the case.'"[4] <u>M. Morgan Cherry</u>, 37 Va. App. at 340, 558 S.E.2d at 340 (quoting <u>Brown</u>, 8 Va. App. at 131, 380 S.E.2d at 10); <u>see also</u> <u>McDuffie v. Commonwealth</u>, 49 Va. App. 170, 178, 638 S.E.2d 139, 143 (2006); <u>Brown</u>, 8 Va. App. at 132, 380 S.E.2d at 11 (applying the ends-of-justice exception of Rule 5A:18 where the defendant "was sentenced for a crime other than that for which he was convicted").

The appellant contends that Williby's signature on the petition to terminate her parental rights filed in juvenile and domestic relations district court contravened Code § 8.01-271.1 and, as a result, violated her right to due process. Her claim rests on an alleged violation of Code § 8.01-271.1's general requirement that a pleading be signed by an attorney. Code § 8.01-271.1 provides, in pertinent part, that "every pleading, written motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name." The code section provides that the consequence of a non-compliant signature is that the court "shall impose upon the person who signed the paper or made the motion, a represented party, or both, an appropriate sanction." It further states that if a pleading "is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader." Code § 8.01-271.1.

We hold that the appellant has not established that a miscarriage of justice occurred. Her contention that she was unable to make her argument below due to the timing of the release of the VSB document fails because VSB ethics counsel's opinion on a particular topic is not binding on this Court, nor does it support the conclusion that there was a change in existing law

---

[4] We conclude that this line of cases refutes the appellant's argument that a violation of her right to due process by itself constitutes a miscarriage of justice under the ends-of-justice exception to Rule 5A:18. We note that she does not cite any legal authority in support of her position on this point. <u>See generally</u> <u>Buchanan v. Buchanan</u>, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992) ("Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration.").

such that the appellant's counsel was unaware of the allegedly applicable statute.[5] See Rule 6:IV ¶ 10-5(D) ("Informal advice of Ethics Counsel is advisory only and expresses the judgment of the Ethics Counsel and is not binding on the Court . . . ."); cf. In re Commonwealth, Dep't of Corr., 222 Va. 454, 463, 281 S.E.2d 857, 862 (1981) ("Opinions of the Attorney General are no more than guidelines for the benefit of public officials where our Court has made no definitive interpretation of the law."); Dean v. Commonwealth, 61 Va. App. 209, 222 n.7, 734 S.E.2d 673, 680 n.7 (2012) (explaining that judges do not "make" law). Therefore, the fact that the VSB ethics counsel released an opinion on a somewhat related issue after the final order in the appellant's case did not affect her ability to allege the procedural defect below. Additionally, the appellant's failure to raise the issue below deprived the lower courts of the opportunity to order either of the remedies provided in Code § 8.01-271.1: to require an attorney to sign the petition on the appellee's behalf or to impose sanctions.[6]

Further, the appellant has failed to affirmatively show that any procedural defect in the underlying petition "clearly had an effect upon the outcome of the case" or that a miscarriage of justice occurred. M. Morgan Cherry, 37 Va. App. at 341-43, 558 S.E.2d at 540 (quoting Brown, 8 Va. App. at 131, 380 S.E.2d at 10); see also Andrews v. Commonwealth, 37 Va. App. 479, 494, 559 S.E.2d 401, 409 (2002) (holding that the defendant's due process claim was barred because it was not affirmatively supported by the record). The appellant candidly acknowledged

---

[5] The VSB ethics counsel opined that the custom under which non-lawyer employees of Child Protective Services sign and file *motions for show cause* constitutes the unauthorized practice of law. See VSB Ethics Counsel, Unauthorized Practice of Law, UPR 1, and Non-Lawyer Representation of Employers in General District and Domestic Relations General District Court (June 25, 2015).

[6] Code § 8.01-271.1 provides remedies that allow for corrections so that the proceedings can move forward. This is entirely consistent with the principles behind Rule 5A:18. See Weidman, 241 Va. at 44, 400 S.E.2d at 167 (explaining that the purposes of the contemporaneous objection requirement are to allow the trial court the opportunity to rule on the issue and the opposing party the opportunity to meet the objection).

at oral argument that she did not allege that the petition was substantively in error nor did she challenge any part of the notice or hearing she received. It is clear from the record that if an attorney representing the appellee, rather than a "foster care and adoption worker" alone, had signed the underlying petition, the final disposition in this case would remain unchanged.

Consequently, for all of these reasons, the ends-of-justice exception does not apply to this appeal, and our consideration of the assignment of error is barred by Rule 5A:18.[7]

## III. CONCLUSION

The ends-of-justice exception to Rule 5A:18 does not apply to the appellant's assignment of error. Therefore, her argument that a procedural defect in the underlying petition to terminate her parental rights violated her right to due process is barred by Rule 5A:18. For this reason, we affirm the circuit court order terminating the mother's parental rights.

<u>Affirmed.</u>

---

[7] In light of this holding, we do not consider those arguments set forth in the appellee and *amicus* briefs that the petition was procedurally compliant with Code §§ 8.01-271.1, 16.1-260, and 16.1-283. See <u>Cumbo v. Dickenson Cty. Dep't of Soc. Servs</u>, 62 Va. App. 124, 127 n.2, 742 S.E.2d 885, 886 n.2 (2013) (limiting holding to "best and narrowest" ground). Likewise, we do not address the suggestion that under Code § 16.1-260(I) the appellant's requested relief would be improper.